By the Court.
Defendant in error brought suit in the superior court of Cincinnati against the plaintiff in error on an account. For the purposes of this decision it will not be necessary to consider the propriety of the form of action. The undisputed testimony shows that the Publishing Company bought material of- the Engraving Company, for which it was to pay three-fourths of the price in cash, the remainder to be paid by advertising space in “The Starch Room” (a laundry journal published by the Publishing Company), “to be taken and used by the plaintiff.” The Engraving Company thereafter entered into a consolidation with another concern and had no use for the advertising space to which it was entitled under the agreement. It thereupon entered into negotiations with the National .Marking Machine Company with a view to selling its rights to the space. There is some conflict of testimony as to these transactions. The president of the Engraving Company testified that an assignment to the Marking Machine Company was completed, and the president of the Marking Machine Company testified that the negotiations were not consummated because of his conversations with the president of the Publishing Company. Plaintiff alleges that the assignee of its rights made demand on the Publishing Company, which thereupon refused to perform, because the right to advertising space was not assignable. Plaintiff alleges in the reply that thereafter the right of action arising by reason' thereof was re-assigned to the plaintiff.
*283 Several' defenses are interposed on behalf of the Publishing Company. It is urged in the first place that the contract to furnish the advertising is not assignable. It is further contended that the defendant did not refuse performance to anyone who owned the rights to the advertising.
We will take up first the question of the assign-’ ability of the contract. At modern law contracts other than personal contracts or contracts containing a provision against assignment,. or contracts forbidden to be assigned by statute, may be assigned. 4 Page on Contracts (2 ed.), Section 2243.
So-called personal contracts, or contracts in which the personality of one of the parties is material, are not assignable. Whether the personality of one or both parties is material depends upon the intention of the parties, as shown by the language which they have used, and upon the nature of the contract. 4 Page on Contracts (2 ed.), Sections 2248-2251. See also 1 Williston on Contracts, Section 413; American Smelting & Refining Co. v. Bunker Hill & Sullivan Mining & Concentrating Co., 248 Fed. Rep., 172, 184, 185, and Wooster v. Crane & Co., 73 N. J. Eq., 22.
The nature of a contract to furnish advertising “to be taken and used by the plaintiff” would seem to be a contract in which the personality of the advertiser is material to the contract. Not only does the language used by the parties indicate that the advertising is to be on behalf of the Engraving Company, but the nature of the business is such that it is not reasonable to find that the parties contemplated the use of the space by any person that *284 the Engraving Company might designate. Such construction would lead to the conclusion that the Publishing Company would be required to carry an advertisement of any kind that any assignee of the Engraving Company might specify. Nor would the fact that the particular person it attempted to designate was personally unexceptionable affect the nature of the contract. It could indicate no more than that the Publishing Company was arbitrary in the exercise of its right.
It is not necessary, however, to rest the decision upon this ground alone. The president of the Engraving Company testified that the contract was assigned to the Marking Machine Company. The president of the Marking Machine Company testified that it was not. Without weighing the testimony, and taking the'facts to be as testified to on behalf of the plaintiff below, there was still no proper demand and refusal, even if the contract was assignable and had been assigned.
It is plain from the record that the president of the Marking Machine Company did not advise the Publishing Company that his corporation was the assignee and that it demanded performance. He, whether mistakenly or otherwise, regarded himself as a possible purchaser of the rights of the Engraving Company, and so told the president of the Publishing Company, merely inquiring of the defendant whether it regarded the contract as assignable and would recognize him as entitled to performance if he should purchase the Engraving Company’s rights. The statement to him by the Publishing Company, that it would not, was not a refusal of a demand. A statement by an obligee under a con *285 tract, made to a third person not a party to the agreement, that he would not perform the contract if assigned, does not constitute a refusal of a demand to perform. It follows, therefore, that in the absence of a demand and refusal no right of action arose.
In view of the foregoing it becomes unnecessary to consider the other assignments of error.
The judgment will be reversed.

Judgment reversed.

Shohl, P. J., Hamilton and Cushing, JJ., concur.