## LUCAS, et v. GROSS MOTOR CAR CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3078. Decided Dec. 19, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

127. BANKRUPTCY—169. Breach of Contract.
Filing of voluntary petition in bankruptcy, held not to constitute breach of contract.

106. ASSIGNMENTS—297. Contracts.
Clause in contract providing for payment "to your successors or assigns" held to divest contract of elements of personal service, and render it assignable.

Error to Common Pleas.
Judgment reversed.

Leo Weinberger, Cincinnati, for Lucas et.
D. T. Hackett, Cincinnati, for Gross Motor Car Co.

### STATEMENT OF FACTS.

On March 14, 1925, The King System, incorporated, entered into a contract with the J. H. Gross Motor Car Co. to paint a number of bulletin boards with the advertisement of the Motor Car Co. The King System agreed to keep the boards in repair and to repaint them every six months. The Motor Car Co. was to pay a rental of $125 per month for twenty-four months.

In April, 1926, The King System was adjudged a bankrupt.

On May 19, 1926, the trustee in bankruptcy was ordered to sell the property of the bankrupt, including the contracts, accounts receivable, etc., and sold them to Leo Lucas, Lewis Carroll and George H. Lackner, partners, doing business as the King System.

The purchasers sued the Motor Car Company for $480 for unpaid instalments of rent. The Municipal Court rendered judgment for plaintiffs. Error was prosecuted to the Common Pleas, which court reversed the judgment of the Municipal Court. This action is prosecuted to reverse the judgment of the Common Pleas.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.
CUSHING, J.

The Motor Car Company contends that the King System, by filing a voluntary petition in bankruptcy, disabled itself from performing the contract and breached it.

The King System agreed to keep the bulletins in repair and to repaint them every six months. It is not claimed that any bulletin boards were destroyed or out of repair, or that the bulletin boards were not painted as per contract. In argument, counsel failed to state that the Gross Motor Car Co. was using property (bulletin boards) of the King System, and that it received what it agreed to pay for, to-wit: advertising.

It is contended that the contract "was for personal service and not assignable".

The rule by which it is determined whether or not a contract is for personal service is stated in Starchroom Pub. Co. v. Threlkeld Engr. Co., 13 Oh. App. 281, 283:

"So-called personal contracts, or contracts in which the personality of the parties is material, are not assignable. Whether the personality of one or both parties is material depends upon the intention of the parties, as shown by the language which they have used, and upon the nature of the contract. 4 Page on Contracts (2 ed.) Sections 2248-2251. See also 1 Williston on Contracts Section 413; American Smelting & Refining Co. v. Bunker Hill & Sullivan Mining & Concentrating Co., 248 Fed. Rep. 172, 184, 185; and Wooster v. Crane & Co., 73 N. J. Eq., 32."

The contract under consideration provided:
"We agree to pay you, or your successors or assigns, each month, the amount above set opposite each bulletin, for a period of 24 months from the average date of the completion of them all".

The clause in the contract providing for payment "to your successors or assigns" divested the contract of the element of personal service, under the rule above stated.

The judgment of the Court of Common Pleas will be reversed, and the cause will be remanded to that court with instructions to affirm the judgment of the Municipal Court.

(Hamilton, PJ. and Mills, J. concur.)